## OWNERS OF MACHINES IN COLLISION FILE SUITS AGAINST EACH OTHER IN DIFFERENT COUNTIES.

### Common Pleas Court of Clark County.

### HENRY D. JONES v. HERMAN M. GOLDFREDRICK.

### Decided December 22, 1919.

*Venue—Actions in Different Counties Between the Same Parties Involving the Same Accident—Pendency of First not a Bar to the Second Until Judgment is Entered.*

1. Section 6308, G. C., permits a person injured by the negligence of the owner of a motor vehicle to bring an action in the county where such injured party resides.

2. If two, residing in different counties, are injured in the same accident, the one bringing the action for damages first, in the county in which he resides, can not thereby require the other party to set up in such action not only his defense, but his counterclaim, but each has the right to sue the other in his own county, setting up his own cause of action.

3. "Injured person" includes not only one injured in his person, but also one injured in his property.

GEIGER, J.

The plaintiff alleges that a collision occurred between the car driven by him and that driven by the defendant, while each was operating a car in Franklin county; that the plaintiff's car was damaged by reason of the negligence of the defendant and without fault of the plaintiff, for which he asks damages in the sum of $459.

The defendant answers, setting up two defenses. The first defense is, in substance, that when the action in Clark county, was instituted, another action instituted prior thereto was pending in Pickaway county between the same parties for the same cause of action, wherein the defendant in this case is plaintiff and the plaintiff is defendant, and wherein the plaintiff claims judgment for injuries caused by the negligence of the defendant therein (plaintiff in this case) in causing the collision; that the defendant (plaintiff herein) filed his answer, and as a defense

alleges that the plaintiff therein (defendant herein) was guilty of negligence, and denying that the accident was caused by his own negligence; that the same testimony and facts relating to the accident will be common to both actions, and that the plaintiff in this action has a legal right to all the relief in said pending action as he prays for in this action, and therefore has no legal right to prosecute this action.

It is claimed by the plaintiff herein that the pending action in Pickaway county is no defense to the action pending here. It is claimed by the defendant herein that inasmuch as the plaintiff may set up by way of cross-petition in a suit in Pickaway county, the matter he now pleads in his petition in the cause in Clark county that the answer that there is a pending suit in Pickaway county involving the same matter is a good defense.

A party may demur on the ground that there is another action pending between the same parties for the same cause. The action in Pickaway county and in Clark county, while they relate to the same accident, are not for the same cause, as each is an action for damages to a different machine, claimed to be cused by a different act of negligence.

It is urged, however, that the rule that when a matter has been finally determined in an action between the same parties by a competent tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case, is controlling inasmuch as the plaintiff in this case may set up in the Pickaway county case the defense, not only that he was without negligence, but the counterclaim that the accident occurred on account of the negligence of the plaintiff in that case.

Facts that are strictly defensive, and which if pleaded in an action at law will state a good defense, do not constitute a counterclaim· *Rothman* v. *Engel,* 97 O. S., 77.

See, also, cases cited on page 80, on the proposition that the code requires a defendant to set forth all of his strictly legal defenses to a suit brought against him, or be forever barred from urging one of them in a second suit between the same parties touching the same subject matter.

The court is of the opinion that the allegation of a pending suit in another county between the same parties, in which the plaintiff in this county may secure the relief he asks for in his petition, is not a good defense to his cause of action, for the reason, among others, that there is no judgment upon the suit pending in Pickaway county.

All the cases cited refer to a situation that arises when the matter has been finally determined in an action between the same parties. The matters have not been finally determined, and it is not certain which suit will first be brought to issue and tried. If on the trial it develops that the matters have been fully determined in either action, it is possible that such fact may be a defense to the other action.

There is another view which seems to the court even more conclusive. Section 6308, General Code, provides that actions for an injury to the person or property caused by the negligence of an owner of a motor vehicle may be brought by the person injured against such owner in the county where such injured person resides.

"Injured person" includes not only one injured in his person, but in his property. The statute was passed for the purpose of affording to a party injured by the negligence of the owner of a motor vehicle, the right to sue not only in the county where the defendant might live or be served, but also the right to bring an action in the county in which the injured party lived.

In an accident between two machines, each machine may be injured and the owners may live in different counties. If the owner first bringing his action in his home county might compel the other owner not only to set up his defense but also his counterclaim in that county, the second owner would be deprived of his right, under this statute, to sue in his own county. Such rule would involve a race between those residing in different counties and involved in a collision, in which each machine was injured, to first invoke the jurisdiction of their respective counties, and thus exclude the other party from the right given him by the statute to bring action in the county in which he resides. This statute necessarily permits different jurisdictions to take

cognizance of the same accident in which several parties are involved, and this can not be avoided by one of the parties requiring the other to set up as a cross-petition his claim in an action first brought in the county where such opponent resides.

Demurrer sustained.